**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES GODOY,

    Plaintiff,

vs.

T. WADSWORTH, J. WOODFORD, S. FREEMAN, P. GELINAS, J. BACHMANN, E. ALLEN, J. ALLMAN, M. CASTELLAW, J. McKINNEY, M. MOORE, T. NELSON, K. OSBORNE, L. POLK, JR.; S. WHEELER; JOE McGRATH; and N. NAVARRO,

    Defendants.

No. C 05-2913 PJH (PR)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This is a civil rights case which was filed pro se by a state prisoner in state court. It was removed by defendants. Defendants have moved for summary judgment, plaintiff has opposed the motion, defendants have filed a reply, and plaintiff has filed a response to the reply. The motion is ready for decision.

**BACKGROUND**

In his complaint, plaintiff alleged that after he got into a dispute with correctional officer Wadsworth in the dining hall, Wadsworth and others beat him while other defendants looked on. He claims he was then shot in the head without warning by defendants Gelinas and Navarro, dragged from the dining hall, rather than moved on a gurney, and was not taken to an outside hospital for nine hours. At the hospital his right eye was removed. He contends that he did not consent to the removal, nor were proper procedures followed to obtain consent from his family if he were unable to consent.

Claim one of the complaint is a state law claim of assault and battery and use of

excessive force, claim two is a state law claim of intentional infliction of emotional distress, and claim three is a federal section 1983 claim for excessive force. At the beginning of each claim in the complaint plaintiff lists the defendants against whom that claim is pressed; in the case of the federal claim, at least, there are allegations in the body of the claim against defendants who are not on the list at the beginning. The court interprets the list at the beginning of each claim as controlling. If plaintiff intends otherwise, he will have to obtain leave to amend and file an amended complaint to clarify the point.

**DISCUSSION**

*A.     Standard of Review*

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

*B.     Analysis*

Defendants contend that there is no genuine issue of material fact that the force used was necessary to quell an incipient riot.

*1.     Federal claim*

On his section 1983 claim for use of excessive force plaintiff names as defendants

Wadsworth, Woodford, Gelinas, Bachmann, Castellaw, McKinney, Moore, Polk, Wheeler, McGrath, and Navarro.

"After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley*, 475 U.S. at 320-21. In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7.

    *a. Defendant Wadsworth*

Wadsworth's version of the triggering confrontation with plaintiff is that plaintiff asked Wadsworth why he had searched plaintiff's cell, and when Wadsworth told him to empty his food tray and move on, plaintiff refused to do so. Wadsworth then put his hand on plaintiff's arm to move him along, which caused plaintiff to twist away from Wadsworth's grasp and yell at Wadsworth not to touch him; Wadsworth then pulled his baton and called for help from a nearby officer. Wadsworth claims that an inmate named Rodriguez then ran towards him, and that plaintiff pushed him and punched him in the chest and stomach while Rodriguez attacked him from behind. Wadsworth then struck plaintiff several times with his baton. Wadsworth decl., attached incident report at 1-2.

In opposition, plaintiff has provided a declaration by Rodriguez in which Rodriguez says that plaintiff did nothing to provoke Wadsworth. Pl.'s opp'n. at exh. A. Also, plaintiff says at the beginning of his opposition "the plaintiff James Godoy in propria persona declares under penalty of perjury under the laws of the state of California the foregoing is

true and correct." The use of "foregoing" is clearly an error, given that this statement is at the beginning of the opposition and the only thing foregoing is the caption. Nevertheless, the court concludes that this statement is sufficient to allow the complaint to be considered as a declaration. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge); *Johnson v. Meltzer*, 134 F.3d 1393, 1400 (9th Cir. 1998) (verified motion functions as an affidavit). In his opposition/declaration plaintiff asserts that Wadsworth launched an unprovoked attack on him. Pl.'s opp. at 3-5.

Defendants in their reply concede that the Rodriguez declaration "may" be sufficient to show that there is a genuine issue of material fact as to the claims against Wadsworth. *See* def.'s reply at 1. In view of the conflict between Wadsworth's version on the one hand and the Rodriguez declaration and plaintiff's opposition/declaration on the other, it is clear that there is a genuine issue of material fact as to whether Wadsworth was applying force in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

Because summary judgment must be denied on Wadsworth's contention that he did not violate plaintiff's rights, the court must reach his qualified immunity contention.

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The threshold question must be: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? *Saucier v. Katz*, 533 U.S. 194, 201 (2001). It is clear here that they do.

If a violation can be made out on the allegations, the next sequential step is to ask whether the right is clearly established. *Id.* This inquiry must be undertaken in light of the

4

specific context of the case, not as a broad general proposition. *Id.* at 202. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.* If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. *Id.*

"If there are genuine issues of material fact in issue relating to the historical facts of what the official knew or what he did, it is clear that these are questions of fact for the jury to determine." *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1099 (9th Cir. 1995). As discussed above, there is a genuine issue of material fact as to what happened between Wadsworth and plaintiff, so it is not possible to say on summary judgment that a reasonable correctional officer in Wadsworth's position would have thought it was constitutional to apply the force he used.

Alternatively, the qualified immunity question may be resolved by viewing all of the facts most favorably to plaintiff and then finding that under those facts the defendants could reasonably believe they were not violating the law. *See, e.g., Marquez v. Gutierrez*, 322 F.3d 689, 692-93 (9th Cir. 2003). In this case, however, when the facts are viewed most favorably to plaintiff it is clear Wadsworth is not entitled to qualified immunity, because plaintiff's assertion that Wadsworth beat him when he was not resisting alleges an action that a reasonable person in Wadsworth's position would know was unlawful. Wadsworth is, therefore, not entitled to qualified immunity.

The motion for summary judgment is denied as to Wadsworth.

    b. *Defendants Gelinas, Navarro and Moore*

Gelinas, Navarro and Moore were the gunners who fired their gas guns in what they contend was an effort to suppress an incipient riot. They contend that plaintiff cannot produce any evidence that they acted maliciously and sadistically to cause harm, and have provided declarations adopting their incident reports. These reports support their contention that they acted in a good-faith effort to maintain or restore discipline. Gelinas decl. at attached incident report 1-3; Navarro decl. at attached incident report 1-5. The

5

burden thus shifts to plaintiff to show a genuine issue of material fact for trial. In the defendants' reply they insist that although the Rodriguez declaration might show a genuine issue of material fact as to Wadsworth, there is no such issue as to the gunners.

Both the Rodriguez declaration and plaintiff's opposition/declaration describe a very different scene from that described in the declarations/reports of the gunners, one in which Wadsworth was beating plaintiff for no reason and plaintiff was cowering on the floor trying to block the blows. *See* pl.'s opp. at exh. A; *id.* at 4-5. Contrary to defendants' contention, this difference is crucial. If plaintiff was not resisting and other inmates were not involved, the defendants shooting at him with gas guns from the control booths might well have been malicious and sadistic. Therefore there is a genuine issue of material fact as to whether the shooters, Gelinas, Navarro and Moore, were acting in a good-faith effort to maintain or restore discipline.

Because summary judgment must also be denied on these defendants' contention that they did not violate plaintiff's rights, their contention that they are entitled to qualified immunity must be reached.

The standard is set out in the discussion above as to Wadsworth. For similar reasons, the gunners are not entitled to qualified immunity – that is, if they fired at plaintiff when he was not resisting, but was helplessly being beaten by Wadsworth, clearly a reasonable correctional officer in the position of any one of them should have known that the shooting was a violation of plaintiff's constitutional rights. Because there is a dispute as to this point, whether plaintiff was resisting or not, qualified immunity is not appropriate.

The motion for summary judgment of the gunners is denied.

c. *Defendants Freeman and Osborne*

Plaintiff contends that these defendants dragged him from the dining hall, rather than using a gurney. The federal claim is not asserted against them, so their motion for summary judgment as to that claim will be denied as unnecessary.

d. *Defendant Dr. Allen*

Plaintiff also does not assert his federal claim against this defendant. Dr. Allen's

motion for summary judgment as to the federal claim will be denied as unnecessary.

   *e. Supervisory liability*

  Defendants Woodford, the former director of the California Department of Corrections; former Warden McGrath, Associate Warden Polk, Chief Deputy Warden M. Castellaw; Captain S. Wheeler, and Correctional Lieutenants Nelson and McKinney claim that the federal claims against them are respondeat superior claims and thus improper under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The claims against these defendants are undoubtedly respondeat superior claims, except for a failure to train claim. Plaintiff contends that they failed to properly train their subordinates properly in the use of force, or failed to control their subordinates, but he provides no evidentiary support for this contention. This part of the motion for summary judgment is granted.

  Nelson is not a defendant on the federal claim; the motion is denied as to him as unnecessary.

   *f. Summary as to federal claim*

  The motion for summary judgment is denied as to Wadsworth, Gelinas, Navarro and Moore. It is granted as to Woodford, McGrath, Polk, Castellaw; Wheeler, and McKinney. It is denied as to Freeman, Osborne, Allen, and Nelson because the federal claim is not asserted against them.

  Bachman does not argue that he is entitled to summary judgment on the federal claim, so the federal claim against him remains in the case.

  *2. State law claims*

  Plaintiff's complaint contains state law claims for assault and battery and intentional infliction of emotional distress.

   *a. Vicarious liability*

  Defendants Woodford, McGrath, Polk, M. Castellaw, Wheeler, and Correctional Lieutenants Nelson and McKinney contend that there can be no vicarious liability under state law for assault and battery or intentional infliction of emotional distress. They cite no authority for this proposition, so the motion is insufficient to establish that they are entitled

to judgment as a matter of law on the state claims.

### b. *Assault and battery claim*

All of the defendants are named in this claim.

Defendants Wadsworth, Gelinas, Navarro and Moore contend that they are not liable on this state law claim because they were acting in self-defense (Wadsworth) or defense of others (Gelinas and Navarro). As discussed above in regard to the federal excessive force claim, there is a genuine issue of material fact as to whether plaintiff was an aggressor or a victim. This part of the motion is denied.

### c. *Intentional infliction of emotional distress*

All of the defendants except Freeman are named in this claim.

Defendants contend that their conduct was not "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982). The court concludes, however, that there is a genuine issue of material fact as to this point, because if plaintiff was the victim, rather than the aggressor, and the result was to put out his right eye, a rational jury could conclude that defendants' conduct was beyond all bounds. The motion for summary judgment is denied as to this claim.

### d. *Summary as to state law claims*

The motion for summary judgment is denied as to all of the state law claims.

## CONCLUSION

1. The motion for summary judgment (document number 53 on the docket) is **DENIED** as to the federal claims against Wadsworth, Gelinas, Navarro and Moore. It is **GRANTED** as to the federal claims against Woodford, McGrath, Polk, Castellaw, Wheeler, and McKinney. It is **DENIED** as unnecessary as to Freeman, Osborne, Allen, and Nelson because the federal claim is not asserted against them.

2. The motion for summary judgment is **DENIED** as to the state law claims.

3. The court has established a Pro Se Prisoner Mediation Program at Pelican Bay State Prison, where plaintiff is confined. Certain prisoner civil rights cases may be referred

to a neutral magistrate judge for prisoner mediation proceedings. The proceedings consist of one or more conferences as determined by the mediator. The conferences are conducted at PBSP, with the defendants or their representatives attending by videoconferencing if they wish.

This case is referred to Magistrate Judge Vadas pursuant to the Pro Se Prisoner Mediation Program. The proceedings shall take place within forty-five days after the defendants are served. Magistrate Judge Vadas shall coordinate a time and date for a mediation proceeding with all interested parties or their representatives and, within five days after the conclusion of the mediation proceedings, file a report. All mediation proceedings shall be confidential and no statement made therein will be admissible in any proceedings in the case, unless the parties otherwise agree. No part of the mediation proceeding shall be reported, or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

If the case is not settled, the court will enter a new scheduling order. The clerk shall mail a copy of the court file, including a copy of this order, to Magistrate Judge Vadas in Eureka, California.

**IT IS SO ORDERED.**

Dated: March 28, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\GODOY913.SJ