**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GODOY,<br><br>    Plaintiff,<br><br>v.<br><br>T. WADSWORTH, et al.,<br><br>    Defendants. | No. CV 05-02913 NJV<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGEMENT** |

    This is a civil rights case which was filed pro se by state prisoner James Godoy in state court. It was removed by defendants. Defendants have filed a second motion for summary judgment (Docket No. 125), raising new arguments and renewing arguments raised in their first motion for summary judgment (Docket No. 53). The court has heard oral argument and reviewed all briefs submitted in support of and in opposition of defendants' second motion for summary judgment, defendants' Requests for Judicial Notice, and all supporting documents. For the reasons stated below, the court grants in part and denies in part summary judgment. *The parties are not permitted to file any additional motions for summary judgment without leave of court.*

## I. BACKGROUND

    Plaintiff alleged that after he got into a dispute with correctional officer Wadsworth in the dining hall of the Pelican Bay State Prison, Wadsworth, and others beat him while other defendants looked on. He claims he was then shot in the head without warning by correctional officers Gelinas or Navarro, dragged from the dining hall, rather than moved on a gurney, and was not taken to an outside hospital for nine hours. At the hospital his right eye was removed. He contends that he did

not consent to the removal, nor were proper procedures followed to obtain consent from his family if he was unable to consent. Godoy was later placed in administrative segregation, which he alleges was done in retaliation.

On March 28, 2007, the district court granted in part and denied in part defendants' first motion for summary judgment. (Docket No. 86) Judge Hamilton granted summary judgment on the § 1983 claim as to defendants Woodford, McGrath, Polk, Castellaw, Wheeler, and McKinney, finding the claims were respondeat superior claims, which are improper under § 1983. Order Granting In Part And Denying In Part Defs.' Mot. For Summ. J. ("Order On Defs.' First Mot. For Summ. J.") at 7, Mar. 28, 2007. Judge Hamilton denied summary judgment on the § 1983 claim as to defendants Wadsworth, Gelinas, Navarro, and Moore, finding a genuine issue of material fact where there was a conflict between Wadsworth's version and Godoy's version of the facts. *Id.* at 4–6. After interpreting the complaint to identify the defendants listed at the beginning of each claim as controlling, Judge Hamilton concluded that the § 1983 claim was not asserted against defendants Allen, Freeman, Osborne, and Nelson.[1] *Id.* at 2, 6–7.

Regarding the assault, battery, and intentional infliction of emotional distress claims, the district court denied summary judgment as to the supervisory defendants Woodford, McGrath, Polk, Castellaw, Wheeler, Nelson, and McKinney where defendants failed to cite any authority for their vicarious liability proposition. *Id.* at 7–8. The district court also denied summary judgment on the assault and battery claims as to defendants Wadsworth, Gelinas, Navarro, and Moore where there was a genuine issue of material fact between Wadsworth's version and Godoy's version of the facts. *Id.* at 8. The district court denied summary judgment on the intentional infliction of emotional distress claim for all defendants against whom the claim was alleged where there was a genuine issue of material fact between Wadsworth's version and Godoy's version of the facts. *Id.*

## II. REQUESTS FOR JUDICIAL NOTICE

Defendants have filed two requests for judicial notice in support of their motion for summary judgment. (Docket Nos. 129–30, 181) Defendants request the court to take judicial notice of the

---

[1] The court addresses this issue in its order ruling on plaintiff's motion to amend the complaint.

2

1 court's prior orders in this action, state court records regarding Godoy's Cal. Penal Code § 69
2 conviction, and defendants' declarations in support of their first summary judgment motion. The
3 court grants the unopposed requests for judicial notice of the related state court records and
4 defendants' declarations. It is not necessary to take judicial notice of the court's prior orders in this
5 action. The defendants' declarations are deemed submitted in support of their second motion for
6 summary judgment.

### III.  SECOND MOTION FOR SUMMARY JUDGMENT

In granting in part and denying in part summary judgment, the court has reviewed all briefs and documents submitted, including the supplemental briefs, and heard oral argument. Both parties have filed multiple supplemental briefs without leave of court[2] including plaintiff's two supplemental briefs in opposition, defendants' supplemental reply brief, and defendants' supplemental summary judgment brief. (Docket No. 166) The court grants plaintiff's motion for leave to file an untimely opposition brief. Despite opposing plaintiff's motion for leave, defendants also filed two untimely supplemental briefs. *In the future, the parties are not permitted to file supplemental motions or briefs without first requesting and receiving leave of court.*

**A. Standard of Review and Evidentiary Objections**

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there is any genuine issue of material fact. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine

---

[2] Plaintiff's second supplemental opposition was filed with leave of court. (Docket No. 173)

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Celotex*, 477 U.S. at 323–24.

Defendants object to plaintiff's evidence submitted in opposition to summary judgment. (Docket No. 156) The court denies defendants' objections because a motion for and opposition to summary judgment can be based on "the pleadings, the discovery and disclosure materials on file, and any affidavits." Fed. R. Civ. P. 56(c). Godoy is not required to "produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Celotex*, 477 U.S. at 324. The court also rejects defendants' objections based on Godoy's guilty plea to violating Cal. Penal Code § 69 because, as described in more detail in Section III.C, the factual basis for Godoy's plea is missing from the record.

## B. Initial Review Order

The court screened the complaint as required under 28 U.S.C. § 1915A, finding it sufficient to proceed. Initial Review Order, Aug. 15, 2005 (Docket No. 11). Defendants Polk, Wheeler, McKinney, McGrath, Woodford, Nelson, and Castellaw contend that summary judgment should be granted as to the state law claims against them because these claims were not included in the court's Initial Review Order. Defendants cite no authority for this proposition, so this portion of the motion is insufficient to establish entitlement to summary judgment. In addition, the Initial Review Order states that the case involves "both federal and state law claims." The order does not limit the claims or dismiss any portion of the complaint. *See* 28 U.S.C. § 1915A(b)(1) (requiring the district court to "dismiss the complaint, or any portion of the complaint" if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted").

## C. *Heck* Bar

Defendants Wadsworth, Gelinas, and Navarro contend that under *Heck v. Humphrey*, 512 U.S. 477 (1994), summary judgment should be granted on all claims against them because each

4

1  claim invalidates Godoy's conviction under Cal. Penal Code § 69 for obstructing or resisting an
2  executive officer by threat or the use of force.

3  Godoy pled guilty to a violation of Cal. Penal Code § 69 on April 6, 2006, in the Del Norte
4  Superior Court. Defs.' Request For Judicial Notice ("RJN"), Ex. D (Docket No. 129). The superior
5  court sentenced him on May 4, 2006. *Id*. Defendants' contention that Godoy pled guilty to the § 69
6  violation after the district court's first summary judgment order is incorrect. Defs.' Supp. Reply 5
7  (Docket No. 170). Judge Hamilton issued her order on the defendants' first summary judgment
8  motion on March 28, 2007.

9  Under *Heck*, if a "judgment in favor of the [§ 1983] plaintiff would necessarily imply the
10 invalidity of his conviction or sentence," the § 1983 claim is barred unless "the conviction or
11 sentence has already been invalidated." 512 U.S. at 487. "But if the district court determines that
12 the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding
13 criminal judgment against the plaintiff, the action should be allowed to proceed." *Id*. (emphasis in
14 original). Defendants have the burden to prove that Godoy's success in his § 1983 action "would
15 *necessarily* imply or demonstrate that the plaintiff's earlier conviction was invalid." *Smith v. City of
16 Hemet*, 394 F.3d 689, 699 & 699 n.5 (9th Cir. 2005) (en banc) (emphasis in original); *see Sanford v.
17 Motts*, 258 F.3d 1117, 1119 (9th Cir. 2001).

18 The Ninth Circuit has examined the *Heck* bar for § 1983 excessive force claims where the
19 underlying conviction was for resisting or obstructing an officer. *See Smith*, 394 F.3d at 693–99
20 (§ 1983 claim not barred by *Heck*); *Sanford*, 258 F.3d at 1119–20 (same).

21 In *Smith*, the plaintiff was convicted of violating Cal. Penal Code § 148(a)(1) for "willfully
22 resisting, delaying, or obstructing a peace officer in the performance of his duties" based on his
23 guilty plea. 394 F.3d at 693. The Ninth Circuit held that Smith's § 1983 excessive force claim was
24 not barred by *Heck* "because the excessive force may have been employed against him subsequent to
25 the time he engaged in the conduct that constituted the basis for his conviction" for resisting or
26 obstructing an officer. *Id*. Smith violated Cal. Penal Code § 148(a) both before the police attempted
27 to arrest him and "during the course of the officers' efforts to arrest him." *Id*. at 697. The Ninth
28 Circuit explained that *Heck* would bar a § 1983 excessive force action if the plaintiff pled guilty to

5

resisting or obstructing an officer based on his conduct "during the course of the arrest." *Id*. *Heck* would not bar a § 1983 action, however, if the "excessive force occurred *subsequent to* the conduct on which his conviction was based." *Id*. at 698 (emphasis in original). The Ninth Circuit also held that because the factual basis for the plaintiff's plea was unclear, "his lawsuit does *not* necessarily imply the invalidity of his conviction and is therefore not barred by *Heck*." *Id*. at 698–99 (emphasis in original).

In *Sanford*, the plaintiff pled no contest to resisting, obstructing, and delaying an officer in violation of Cal. Penal Code § 148(a), and later filed a § 1983 claim for excessive force where the officer punched her. *Sanford*, 258 F.3d 1117. The record did not provide a factual basis for the plaintiff's plea or identify the act of resistance for which the plaintiff was convicted. *Id*. at 1119. The Ninth Circuit, therefore, concluded that the defendants failed to carry their burden "to establish their defense by showing what the basis was" for the plaintiff's conviction for resisting arrest. *Id*. The court held that *Heck* did not bar the plaintiff's § 1983 claim because "[e]xcessive force used after an arrest is made does not destroy the lawfulness of the arrest." *Id*. at 1120.

Like *Smith* and *Sanford*, the factual basis for Godoy's plea is missing from the record. *See Smith*, 394 F.3d at 698–99; *Sanford*, 258 F.3d at 1119; RJN, Exs. C & D (Docket No. 129); Second RJN, Exs. R, S, & T (Docket No. 181). There is no discussion of the underlying facts for Godoy's plea during the plea colloquy or sentencing. RJN, Ex. D. The Ninth Circuit clearly stated in *Smith*:

> As we have explained, a § 1983 action is not barred under *Heck* unless it is clear from the record that its successful prosecution would *necessarily* imply or demonstrate that the plaintiff's earlier conviction was invalid. Because on the record before us we cannot determine that the actions that underlay Smith's conviction upon his plea of guilty occurred at the time of or during the course of his unlawful arrest, Smith's success in the present action would not necessarily impugn his conviction. Accordingly, the defendants are not entitled to summary judgment on the basis of *Heck v. Humphrey*.

*Smith*, 394 F.3d at 699 (emphasis in original). The Ninth Circuit differentiated between resisting convictions based on guilty or nolo contendere pleas and those based on jury verdicts. *Id*. at 699 n.5. Where the resisting conviction is based on a guilty or nolo contendere plea, "it is *not* necessarily the case that the factual basis for his conviction included the whole course of his conduct." *Id*. (emphasis in original).

6

Therefore, under *Smith* and *Sanford*, defendants have not carried their burden to establish a *Heck* bar by showing the basis for Godoy's Cal. Penal Code § 69 conviction. Godoy's success on his § 1983 and state law claims would not necessarily imply or demonstrate that his Cal. Penal Code § 69 conviction was invalid. The court denies summary judgment on defendants' *Heck* bar arguments.

**D. Wadsworth, Gelinas, and Navarro's Qualified Immunity Claim**

Defendants Wadsworth, Gelinas, and Navarro again argue that they are entitled to qualified immunity. In the district court's ruling on defendants' first summary judgment motion, Judge Hamilton held that defendants Wadsworth, Gelinas, Navarro, and Moore[3] were not entitled to qualified immunity. Order On Defs.' First Mot. For Summ. J. at 5–6. The court sees no reason to disturb Judge Hamilton's reasoned and thorough decision on this issue.

Defendants additionally contend that Godoy's guilty plea to Cal. Penal Code § 69 establishes "uncontroverted evidence" supporting their version of events. Defs.' Second Mot. for Summ. J. 14. This contention fails. As discussed above, the record before the court does not include the factual basis for Godoy's plea and Godoy's success on his claims would not necessarily imply or demonstrate that his Cal. Penal Code § 69 conviction was invalid.

**E. Assault and Battery Claim**

Defendants Nelson, McKinney, Wheeler, Polk, McGrath, Woodford, Moore, Bachman, Allman, and Dr. Allen contend that summary judgment should be granted on the assault and battery claim because Godoy cannot establish a required element for either claim against these defendants. Regarding assault, defendants argue that they did not intentionally perform an act to make Godoy believe he was about to be touched in a harmful or offensive manner. Regarding battery, defendants argue that they did not touch Godoy in a harmful or offensive manner. Defendants also argue that there is no vicarious liability because respondeat superior is not applicable.

The assault and battery claims against defendants Nelson, McKinney, Wheeler, Polk,

---

[3] Even if Moore had renewed his qualified immunity argument, the court also sees no reason to disturb Judge Hamilton's reasoned and thorough decision on this issue as to Moore.

7

McGrath, Woodford, and Castellaw[4] are respondeat superior claims.[5] While employers, including public entities, are vicariously liable under respondeat superior for intentional torts such as assault and battery, *see Rodgers v. Kemper Constr. Co.*, 50 Cal. App. 3d 608, 621 (1975), "[t]he doctrine of respondeat superior is not applicable to the relationship between a supervisor and his subordinate employees." *George F. Hillenbrand, Inc. v. Ins. Co. of North Am.*, 104 Cal. App. 4th 784, 823 (2002) (quoting *Malloy v. Fong*, 37 Cal.2d 356, 378 (1951)). This part of the motion for summary judgment is granted.

The court denies summary judgment on the assault and battery claim against defendant Moore where Judge Hamilton previously denied summary judgment as to defendants Wadsworth, Gelinas, Navarro, and Moore, finding a genuine issue of material fact between Wadsworth's version and Godoy's version of the facts. Order On Defs.' First Mot. For Summ. J. at 8. The court also denies summary judgment on the assault and battery claim against defendants Bachman and Allman where Godoy alleges that both defendants aided and abetted Wadsworth's assault, and Judge Hamilton found a genuine issue of material fact between Wadsworth's version and Godoy's version of the facts.

The court addresses Dr. Allen's summary judgment arguments below in Section III.G.

**F. Intentional Infliction of Emotional Distress Claim**

Defendants Moore, Bachman, Allman, Nelson, McKinney, Wheeler, Polk, McGrath, and Woodford contend that summary judgment should be granted on the intentional infliction of emotional distress claim. Defendants also argue that there is no vicarious liability because respondeat superior is not applicable.

---

[4] Defendants appear to have inadvertently failed to include Castellaw in their state law arguments in their second summary judgment motion. Because Castellaw is also a supervisory defendant, summary judgment is also granted as to Castellaw on the assault and battery claim. If the omission of Castellaw from the defendants' state law arguments was intended, defendants must notify the court as soon as practicable and the court will amend this order.

[5] Judge Hamilton denied summary judgment on the state law claims as to the supervisory defendants Woodford, McGrath, Polk, Castellaw, Wheeler, Nelson, and McKinney where defendants failed to cite any authority for their proposition that there is no vicarious liability for assault and battery or intentional infliction of emotional distress. Order On Defs.' First Mot. For Summ. J. at 7–8. Defendants renew their vicarious liability arguments in their second summary judgment motion, this time citing authority supporting their proposition.

Like the assault and battery claims, the intentional infliction of emotional distress claims against defendants Nelson, McKinney, Wheeler, Polk, McGrath, Woodford, and Castellaw[6] are respondeat superior claims and respondeat superior does not apply to supervisor-subordinate employee relationships. *See George F. Hillenbrand, Inc.*, 104 Cal. App. 4th at 823–24 (quoting *Malloy*, 37 Cal.2d at 378). This part of the motion for summary judgment is granted. The court does not address the vicarious liability contention by defendants Moore, Bachman, and Allman because Godoy does not assert respondeat superior claims against these defendants.

In their first summary judgment motion, defendants challenged the intentional infliction of emotional distress claim against all defendants.[7] After denying summary judgment for the supervisory defendants under vicarious liability for failing to cite any supporting authority, Judge Hamilton denied summary judgment on the intentional infliction of emotional distress claim as to all defendants finding a genuine issue of material fact between Wadsworth's version and Godoy's version of the facts. Order On Defs.' First Mot. For Summ. J. at 7–8. With the exception of granting summary judgment for the supervisory defendants on this claim where defendants have renewed their vicarious liability argument with supporting authority, the court sees no reason to disturb Judge Hamilton's denial, especially where defendants submit no new evidence on this claim and re-submitted the supporting declarations from their first summary judgment motion.

Defendants Nelson, McKinney, Wheeler, Polk, McGrath, and Woodford also argue that the district court's Initial Review Order limited Godoy's claims to the December 21, 2003, incident. Defendants contend that the intentional infliction of emotional distress claim fails because Godoy's allegations against them are for incidents occurring after December 21, 2003. As discussed above, defendants cite no authority for this proposition, so this portion of the motion is insufficient to establish entitlement to summary judgment.

---

[6] Defendants appear to have inadvertently failed to include Castellaw in their state law arguments in their second summary judgment motion. Because Castellaw is also a supervisory defendant, summary judgment is granted as to Castellaw on the intentional infliction of emotional distress claim. If the omission of Castellaw from the defendants' state law arguments was intended, defendants must notify the court as soon as practicable and the court will amend this order.

[7] Judge Hamilton noted that this claim was made against all defendants except Freeman. Order On Defs.' First Mot. For Summ. J. at 8.

9

United States District Court
For the Northern District of California

### G. Rebutting the Defense Expert on the Medical Standard of Care

Defendant Dr. Allen contends that he is entitled to summary judgment because Godoy failed to rebut the defense's expert regarding the medical standard of care.[8] Based on his review of the medical records, the defense expert, Dr. Arnold R. Rabin, concluded that "earlier intervention would not have altered the outcome" of removing plaintiff's eye. Dolores Decl., Ex. A at 5, Nov. 25., 2008 (Docket No. 127). Plaintiff concedes that his eye was not reparable and that the delay by Dr. Allen in calling an ambulance did not cause the loss of his eye. Pl.'s Second Supp. Opp'n to Summ. J. 24–25 (Docket No. 180). Plaintiff contends that Dr. Allen's delay did, nevertheless, cause him pain and suffering. The court finds that there is no dispute that any delay in receiving treatment attributable to Dr. Allen did not cause the loss of plaintiff's eye. The court grants summary judgment on the assault and battery and intentional infliction of emotional distress claims as to Dr. Allen.

The court does not reach defendants Freeman and Osborne's argument regarding allegations that they contributed to the loss of Godoy's eye because plaintiff concedes that his eye was not reparable. Pl.'s Second Supp. Opp'n to Summ. J. 24–25.

### H. Excessive Force Claim Against Wadsworth, Gelinas, and Navarro

Defendants Wadsworth, Gelinas, Navarro, Freeman, and Osborne contend that summary judgment on Godoy's excessive force claim is appropriate because Godoy failed to disclose an expert to rebut the defense expert. This contention fails. Defendants fail to cite authority supporting their proposition, so the motion is insufficient to establish that they are entitled to summary judgment. Defendants cite *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987), which does not address an excessive force claim or the use, or rebuttal of, expert opinions for summary judgment. In addition, Judge Hamilton previously denied summary judgment on the excessive force claim as to defendants Wadsworth, Gelinas, Navarro, and Moore, finding a genuine issue of material fact between Wadsworth's version and Godoy's version

---

[8] Plaintiff concedes that he did not disclose a medical standard of care expert. Pl.'s Opp'n to Summ. J. 6 (Docket No. 134).

10

of the facts. Order On Defs.' First Mot. For Summ. J. at 2–6. The court sees no reason to disturb Judge Hamilton's reasoned and thorough decision on this issue.

### V. CONCLUSION

1. The court **GRANTS** the defendants' unopposed requests for judicial notice.

2. Defendants' objections to plaintiff's evidence opposing summary judgment are **DENIED**.

3. Defendants' second motion for summary judgment is **GRANTED** as to the assault and battery and intentional infliction of emotional distress claims against defendants Nelson, McKinney, Wheeler, Polk, McGrath, Woodford, Castellaw, and Dr. Allen. It is **DENIED** as to defendants' remaining arguments.

**IT IS SO ORDERED.**

Dated: May 21, 2009

NANDOR J. VADAS
United States Magistrate Judge