**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES GODOY,

   Plaintiff,

 v.

T. WADSWORTH, et al.,

   Defendants.

            /

No. CV 05-02913 NJV

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND MODIFY THE CASE MANAGEMENT AND PRETRIAL ORDER**

   This is a civil rights case which was filed pro se by state prisoner James Godoy in state court. It was removed by defendants. Plaintiff has moved to amend the complaint and to modify the scheduling order, defendants have opposed the motion, and plaintiff has filed a reply. (Docket Nos. 190–92, 195–99) The motion is ready for decision and will be decided on the papers. The hearing on the motion scheduled for May 27, 2009, is changed to a case management status conference. *See* Local Rule 16-10(c). The court will not hear oral argument on the motion.

**I. BACKGROUND**

   Godoy filed his complaint pro se in superior court on January 12, 2005. Pl.'s Second Supp. Opp'n to Summ. J., Ex. B (Docket No. 180). Defendants removed the case. The district court screened the complaint as required under 28 U.S.C. § 1915A, finding it sufficient to proceed. Initial Review Order, Aug. 15, 2005 (Docket No. 11). Defendants filed their first motion for summary judgment on July 17, 2006, and the district court granted in part and denied in part summary

judgment on March 28, 2007. (Docket Nos. 53 & 86) Defendants filed their answer on July 29, 2008. (Docket No. 122) Defendants filed their second motion for summary judgment on December 9, 2008. (Docket No. 125) The court recently granted in part and denied in part summary judgment on defendants' second motion.

Godoy first made his request to amend the complaint in his second supplemental opposition to summary judgment, which he filed on January 16, 2009. He formally moved to amend the complaint and to modify the scheduling order on April 10, 2009, attaching the amended complaint as an exhibit to counsel's declaration. (Docket No. 192) Godoy submitted a revised "First Amended Complaint" on May 13, 2009, making minor edits and corrections. (Docket Nos. 197–98)

Godoy appeared pro se in this action until November 2007, when current counsel was substituted. (Docket Nos. 93–94)

## II. DISCUSSION

The court has reviewed plaintiff's motion to amend the complaint and to modify the scheduling order, defendants' opposition, plaintiff's reply, and the supporting documents. Because defendants have filed their answer, plaintiff may amend his complaint only with defendants' written consent or the court's leave. Fed. R. Civ. P. 15(a)(2) & (a)(1)(A). The amended complaint: (1) removes the supervisory defendants from the § 1983 excessive force and the assault and battery claims; (2) adds a § 1983 claim, not based on excessive force, against Dr. Allen[1]; (3) describes in more detail the due process allegations regarding administrative segregation in a separate § 1983 claim; (4) withdraws the intentional infliction of emotional distress claim; and (5) sues each defendant in their "individual and personal capacity," not their individual and official capacity.

### A. Leave to Amend the Complaint

"Leave to amend is generally within the discretion of the district court." *Rhoden v. United States*, 55 F.3d 428, 432 (9th Cir. 1995). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "This policy is

---

[1] The original complaint identified Dr. Allen in the body of the § 1983 claim for excessive force. Complaint at 14 (Docket No. 180).

2

'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has instructed that:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182. Prejudice to the party opposing amendment "carries the greatest weight" and is the "touchstone of the inquiry under rule 15(a)." *Eminence Capital*, 316 F.3d at 1052. As the party opposing amendment, defendants bear the burden of proving prejudice. *See id*. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis in original).

Here, defendants have not carried their burden of demonstrating prejudice, or making a "strong showing" of other *Foman* factors. First, Godoy filed the original complaint pro se and "pro se pleadings are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Godoy was pro se when defendants filed their first motion for summary judgment in July 2006 and when the district court issued its order on defendants' first motion in March 2007. He remained pro se until November 2007, when current counsel was substituted.

Second, the allegations in the amended complaint were substantially set forth in the original complaint. The original complaint included allegations referring to Godoy's placement in administrative segregation, the disciplinary hearing, and that Dr. Allen contributed to the delay in Godoy receiving medical care. *See* Complaint at 14–15, 17–18, 26, 28–30. Dr. Allen and the supervisory defendants were named in the body of the § 1983 claim in the original complaint. *See id*. at 22, 26, 28, 29.

Third, Godoy has narrowed some of his claims, minimizing defendants' potential liability. He has removed the supervisory defendants from the § 1983 excessive force and the assault and battery claims. He has also withdrawn his intentional infliction of emotional distress claim against all defendants. Plaintiff may eliminate a single claim from a multi-claim complaint under Rule

3

15(a). *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687–88 (9th Cir. 2005); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988).

Fourth, the amended complaint is counseled, more organized, and more clearly drafted, and as such, assists the court.

And finally, the amended complaint does not, as defendants contend, "moot" defendants' second motion for summary judgment, which was predominantly based on a *Heck* bar defense. The amended complaint does not affect the *Heck* bar. In addition, the parties may file one (1) additional motion for summary judgment that is limited to any new issues raised in the First Amended Complaint. This additional motion for summary judgment may not raise any issues previously raised on summary judgment. The deadlines for the additional motion are detailed in the court's Modified Case Management and Pretrial Order.

**B. Initial Review Order**

Defendants contend, as they did in their second motion for summary judgment, that the claims are strictly and narrowly limited to the Initial Review Order. Defendants also make a questionable statute of limitations argument based on this interpretation of the Initial Review Order.

The court rejects defendants' argument where they fail to cite any authority supporting their proposition. Their citation to *McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004), where a complaint was dismissed under 28 U.S.C. § 1915A, is not on point. Defs.' Opp'n 3 (Docket No. 195). In addition, the Initial Review Order does not limit the claims or dismiss any portion of the complaint. *See* 28 U.S.C. § 1915A(b)(1) (requiring the district court to "dismiss the complaint, or any portion of the complaint" if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted"). The order states that the case involves "both federal and state law claims." Because the court rejects defendants' interpretation of the Initial Review Order, the court does not reach defendants' statute of limitations argument.

In the alternative, as described above, the original complaint included allegations referring to Godoy's placement in administrative segregation, the disciplinary hearing, and that Dr. Allen contributed to the delay in receiving medical care.

4

**C. Timeliness and Case Management and Pretrial Order**

There is no time limit for amending pleadings under Rule 15(a)(2), and parties generally can amend at any time before the entry of judgment. *See* Fed. R. Civ. P. 15(a); *see also* William W Schwarzer et. al, Fed. Civ. P. Before Trial § 8:405 (2008).

The Case Management and Pretrial Order did not set a deadline for amending pleadings, but did require that motions be filed by December 19, 2008. Order at ¶ 3, Feb. 25, 2008 (Docket No. 102). A formal motion, however, is not required to amend a complaint. *See Edwards v. Occidental Chemical Corp.*, 892 F.2d 1442, 1445–46 n.2 (9th Cir. 1990) (leave to amend should have been granted where plaintiff made her request in her opposition to summary judgment); Fed. R. Civ. P. 15; Local Rule 10-1 (not requiring formal motion). Defendants have been on notice of Godoy's request to amend the complaint since January 16, 2009, when Godoy first made his request in his second supplemental opposition to summary judgment. Godoy later filed his formal motion to amend the complaint on April 10, 2009.

Finding good cause to modify the Case Management and Pretrial Order, the court modifies the order and simultaneously files the modified order. *See* Fed. R. Civ. P. 16(b)(4).

### III. CONCLUSION

The court grants plaintiff's motion to amend the complaint and modify the Case Management and Pretrial Order. In the amended complaint, the list of defendants at the beginning of each claim is not consistent with the defendants identified in the allegations in the body of the claim. *See, e.g.*, Docket No. 198 at ¶¶ 22, 25. By close of business May 29, 2009, plaintiff is directed to serve and file a further revision of the First Amended Complaint that identifies *all* defendants against which the claim is made at the beginning of each claim. If plaintiff fails to file a further revision of the First Amended Complaint clarifying the defendants against which each claim is made, the court will strike the amended complaint. Defendants' answer is due within ten days of

/ /
/ /
/ /

5

serving and filing the further revision of the First Amended Complaint.  *Cf.* Fed. R. Civ. P. 15(a)(3).

**IT IS SO ORDERED.**

Dated:  May 21, 2009

NÁNDOR J. VADAS
United States Magistrate Judge