**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JAMES GODOY,

    Plaintiff,

    v.

T. WADSWORTH, et al.,

    Defendants.
_____/

No. CV 05-2913 NJV

**FINAL PRETRIAL ORDER**

The parties appeared before the Court at the final pretrial conference on December 18, 2009. Trial will begin on January 19, 2010. Each side will be limited to twenty hours.

**A.  MOTIONS IN LIMINE**

1. **Defendants' Motion In Limine To Exclude Forensic Alcohol Evidence**

At the pretrial conference, Defendants **WITHDREW** their motion in limine to exclude forensic alcohol evidence (Doc. No. 236).

2. **Defendants' Motion In Limine To Limit Expert Testimony**

In January 2009, Defendants filed a motion in limine to limit expert testimony to the expert disclosures (Doc. No. 159). Defendants did not re-file this motion for the upcoming January 19,

2010 trial. During the pretrial conference, Defendants also noted that the issue was moot. This motion is therefore deemed **WITHDRAWN**.

3. **Plaintiff's Motion In Limine No. 1 - Timeliness of Plaintiff's Notice of Claim**

Plaintiff moved the Court in limine to find that Plaintiff timely filed his notice of claim under Cal. Gov't Code §§ 910 and 911.2 (Doc. No. 233). Having reviewed the parties' papers and carefully considered their arguments, and the relevant legal authority, and good cause appearing, the Court hereby **DENIES** Plaintiff's Motion In Limine No. 1. Whether Plaintiff exhausted his administrative remedies is a factual issue and an affirmative defense raised by Defendants (Doc. No. 232).

4. **Plaintiff's Motion In Limine No. 3 - Per Se Liability for Excessive Force**.

As discussed during the pretrial conference, Plaintiff's Motion In Limine No. 3 regarding Defendants' possible per se liability for excessive force (Doc. No. 233) is more properly addressed through jury instructions. Jury instructions will be argued and decided after the evidence has been received. Plaintiff's Motion In Limine No. 3 is **WITHDRAWN**.

5. **Evidence Regarding Alcohol & Plaintiff's Motion In Limine No. 6 - Defendants' Toxicology Report**

If either party introduces evidence regarding Plaintiff's alleged alcohol consumption, the evidence will be subject to a battle of the experts. As ordered during the pretrial conference, the Court assumes that by December 22, 2009, the parties have informed each other whether they intend to introduce evidence regarding Plaintiff's alleged alcohol consumption, including Defendants' toxicology report. Plaintiff's Motion In Limine No. 6 to exclude Defendants' toxicology report is therefore **MOOT**.

6. **Remaining Motions in Limine**.

The Court will separately issue an order on the five remaining motions in limine:
1) Defendants' motion in limine to exclude evidence of injuries to other inmates (Doc. No. 237);
2) Plaintiff's Motion In Limine No. 2 that an expert opinion is not necessary for the medical treatment claim; 3) Plaintiff's Motion In Limine No. 4 that an expert opinion is not necessary for the

excessive force claim; 4) Plaintiff's Motion In Limine No. 5 to exclude evidence of the conviction from the incident (Doc. No. 233); and 5) Plaintiff's Motion In Limine No. 7 to exclude evidence of the commitment offense (Doc. No. 233).

**B.　WITNESSES**

The parties agreed to present prison staff witnesses who are not defendants by video conferencing.

Defendants' objections to Plaintiff's witness list have been resolved. The Court granted Plaintiff's habeas corpus ad testificandum writs (Doc. Nos. 268 & 281).

**C.　EXHIBITS AND EVIDENCE**

**1.　Exhibit Exchange**

The parties must exchange their trial exhibits, which shall be premarked, tabbed, and in binders, by close of business January 11, 2010. The parties must deliver the original and two duplicate sets of all exhibits, which shall be premarked, tabbed, and in binders, to chambers (exhibits are not to be filed). For numbering of exhibits, Plaintiff shall use numbers and Defendants shall use letters.

2.　**Hospital and Medical Records**

The Court **GRANTS** the parties' stipulation to allow hospital, ambulance, and other medical records to be admitted without authentication or foundation.

3.　**Plaintiff's Eye Loss**

The Court **GRANTS** the parties' stipulation that Plaintiff's eye was lost when it was struck and therefore, that Plaintiff's eye could not have been saved.

4.　**Plaintiff's Exhibits - Reports By Prison Officials**

At the pretrial conference, Plaintiff clarified that he does not plan to introduce into evidence reports by prison officials regarding the December 2003 incident, *see* Pl.'s Exs. 1 and 5 (Doc. No. 257), but listed these reports on his exhibit list in the event that the reports are needed to refresh

witness recollection or impeach a witness.

5.  **Plaintiff's Exs. 7-27** - **Interview Tapes & Transcripts**

At the pretrial conference, Plaintiff clarified that he will not play the inmate interview tapes or introduce the transcripts of the inmate interview tapes into evidence. *See* Pl.'s Exs. 7-27 (Doc. No. 257). Plaintiff may, however, play the tapes or introduce the transcripts to refresh witness recollection or impeach a witness.

6.  **Plaintiff's Ex. 52 - Investigator Report on Johnny Rodriguez**

At the pretrial conference, Plaintiff WITHDREW Exhibit No. 52, the investigator report on Johnny Rodriguez. Pl.'s Ex. 52 (Doc. No. 257).

7.  **Plaintiff's Exs. 32-47 - Discovery Responses**

Discovery responses are generally inadmissible hearsay. Unless Plaintiff establishes an exception to the hearsay rule, Plaintiff may only use discovery responses to refresh witness recollection or impeach a witness. *See* Pl.'s Exs. 32-47 (Doc. No. 257).

8.  **Photograph of Weapon**

Defendants agreed to provide a photograph of the gun used by Defendant prison guards during the December 2003 incident. Defendants have already listed as Exhibit QQ an exemplar of the round used in the Defendant prison guards' gun. *See* Joint Pretrial Statement, Ex. E at Defs.' Ex. QQ (Doc. No. 234).

D.  **MISCELLANEOUS**

At the pretrial conference, the parties agreed that Plaintiff James Godoy will be permitted to wear street clothes during trial. Before trial, the parties will reach agreement on the security measures to be taken for Plaintiff during trial (e.g., handcuffs, foot shackle, etc.).

Dated: January 6, 2010

NANDOR J. VADAS
United States Magistrate Judge

4