**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JAMES GODOY,

    Plaintiff,

    v.

T. WADSWORTH, et al.,

    Defendants.

                               /

No. CV 05-2913 NJV

**ORDER ON REMAINING MOTIONS IN LIMINE** (Doc. Nos. 233 & 237)

Before the Court are five motions in limine:[1] 1) Defendants' motion in limine to exclude evidence of injuries to other inmates (Doc. No. 237); 2) Plaintiff's Motion In Limine No. 2 that an expert opinion is not necessary for the medical treatment claim; 3) Plaintiff's Motion In Limine No. 4 that an expert opinion is not necessary for the excessive force claim; 4) Plaintiff's Motion In Limine No. 5 to exclude evidence of the conviction from the incident (Doc. No. 233); and 5) Plaintiff's Motion In Limine No. 7 to exclude evidence of the commitment offense (Doc. No. 233). Having reviewed the parties' papers and carefully considered their arguments, and the

---

[1] The Court has ruled on the parties' other motions in limine in the Court's Final Pretrial Order (Doc. No. 282).

relevant legal authority, and good cause appearing, the Court hereby **DENIES** Defendants' motion in limine to exclude evidence of injuries to other inmates and **GRANTS** Plaintiff's Motions In Limine Nos. 2, 4, 5, and 7.

**A.     Defendants' Motion In Limine To Exclude Evidence of Injuries To Other Inmates**

Defendants move in limine to exclude evidence of injuries to other inmates besides Plaintiff (Doc. No. 237). Evidence of injuries to other inmates besides Plaintiff is relevant given the short time frame of the December 2003 incident and Plaintiff's legal argument regarding Defendants' alleged per se liability. *See* Fed. R. Evid. 401. This evidence is therefore admissible. Fed. R. Evid. 402. Any potential prejudice resulting from the admission of this evidence may be overcome by tailored jury instructions. *See* Fed. R. Evid. 403. The Court therefore **DENIES** Defendants' motion in limine to exclude evidence of injuries to other inmates.

**B.     Plaintiff's Motions In Limine Nos. 2 and 4 - Expert Opinions for Medical Treatment and Excessive Force Claims**

Plaintiff asserts a 42 U.S.C. § 1983 claim and state law assault and battery claim against various Defendants based on his theory that Defendant guards used excessive force (Doc. No. 206). Plaintiff asserts a § 1983 claim and an Eighth Amendment claim against Defendant Dr. Everett Allen challenging Dr. Allen's medical treatment (Doc. No. 206). Plaintiff moves in limine for an order finding that expert opinions are not needed for his claims based on the alleged excessive force by Defendant prison guards and Dr. Allen's medical treatment (Doc. No. 233). Defendants have not filed an opposition to Plaintiff's motions.

The Court agrees with Plaintiff that expert testimony is not required for his claim that Defendants used excessive force. Depending on the individual circumstances, courts differ on whether expert testimony is proper for excessive force claims. *Compare Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir.2005) (en banc) (reversing grant of summary judgment) (finding that jury may rely on expert testimony in determining "whether the officers' use of force was unreasonable"); *Knapps v. City of Oakland*, 647 F.Supp.2d 1129, 1159 (N.D. Cal. 2009) (holding that defendants' use of force was excessive, relying in part on testimony by defendants' use of force expert); *Bates v.*

2

1  *King County*, 2007 WL 1412889, *3 (W.D. Wash. 2007) (admitting plaintiff's police practices
2  expert, reasoning that "[t]he appropriate response by a police officer to a person resisting arrest is
3  not necessarily common knowledge.  Expert testimony from an experienced law enforcement
4  professional would assist the jury in understanding whether a particular officer exerted excessive
5  force.  The proper response of a police department to complaints about excessive force used by
6  officers is also not common knowledge.  Expert testimony concerning the proper response would
7  thus help the jury to understand the facts and make an informed decision as to the department's
8  actions."); *with Pena v. Leombruni*, 200 F.3d 1031, 1034 (7th Cir.1999) (holding trial judge properly
9  excluded expert testimony in an excessive force case where the issue was whether the danger posed
10 by the suspect was sufficiently lethal and imminent to justify the use of deadly force and this issue
11 was "within lay competence"); *Jimenez v. Sambrano*, 2009 WL 2382622, *2 (S.D. Cal. July 31,
12 2009) (slip copy) (excluding defendants' use of force expert where the determination of "whether
13 the force Defendants used was applied in a good faith effort to maintain or restore discipline, or
14 maliciously and sadistically for the very purpose of causing harm"was within the jury's knowledge,
15 did not involve complex facts, and ultimately, was a credibility determination for the jury).

16     The Court further agrees with Plaintiff that whether Dr. Allen's alleged delay in summoning
17 an ambulance or failure to provide pain medication constitutes cruel and unusual punishment does
18 not require the "scientific, technical, or other specialized knowledge" of an expert.  *See* Fed. R. Evid.
19 702.

20     While an expert is not required for Plaintiff's excessive force or medical treatment claims,
21 however, the Court finds that expert testimony may be permitted on these issues if the expert meets
22 all requirements for expert testimony.  *See* Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow*
23 *Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  Therefore, the parties may attempt to put forth an
24 expert on these issues and if the Court admits the expert, the trier of fact will weigh the evidence.

25     The Court **GRANTS** Plaintiff's Motion In Limine Nos. 2 and 4, but notes that an expert may
26 be permitted on these issues if the expert meets all requirements for expert testimony and the parties
27 appropriately disclosed the expert as required under the Case Management and Pretrial Order (Doc.
28

3

1  No. 213).  *See* Fed. R. Civ. Proc. 16.

2  **C.     Plaintiff's Motions In Limine Nos. 5 and 7 - Exclude Evidence of The Conviction And**
3  **Commitment Offense**

4  Plaintiff moves in limine to exclude evidence of his conviction resulting from the December
5  2003 incident and his commitment offense (Doc. No. 233).  Evidence of Plaintiff's conviction under
6  Cal. Penal Code § 69 resulting from the December 2003 incident is not admissible because its
7  probative value is substantially outweighed by the danger of unfair prejudice, confusion of the
8  issues, and/ or misleading the jury.  *See* Fed. R. Evid. 403.  Plaintiff also raised concerns that
9  introduction of this evidence was prejudicial, confusing, and/or misleading because Plaintiff's Cal.
10 Penal Code § 69 conviction was the result of a plea to avoid a third strike felony offense.  Evidence
11 of Plaintiff's commitment offense is not relevant to the current civil rights action and is therefore
12 inadmissible.  *See* Fed. R. Evid. 402 & 404(b).  The Court therefore **GRANTS** Plaintiff's Motion In
13 Limine Nos. 5 and 7, but holds that evidence of either Plaintiff's conviction resulting from the
14 December 2003 incident or his commitment offense is admissible for the limited purpose of
15 impeachment.  In the event that this evidence is admitted for impeachment purposes, Defendants are
16 limited to asking whether Plaintiff was convicted of a felony.

18 **IT IS SO ORDERED.**

21 Dated:  January 11, 2010            NANDOR J. VADAS
                                      United States Magistrate Judge

4