IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GODOY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>T. WADSWORTH, et al.,<br><br>　　　　Defendants.<br>_____/ | No. CV 05-02913 NJV<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTIONS FOR JUDGMENT AS A MATTER OF LAW** |

This is a civil rights case brought by Plaintiff California state prisoner James Godoy. On January 21, 2010, the third day of trial, Defendants filed four separate motions for judgment as a matter of law: 1) failure to exhaust administrative remedies for Plaintiff's first claim of relief under 42 U.S.C. § 1983 claim for excessive force; 2) failure to exhaust administrative remedies for Plaintiff's second claim of relief against Defendant Dr. Allen under § 1983 for medical treatment; 3) failure to exhaust administrative remedies for Plaintiff's third claim of relief under § 1983 for due process violations; and 4) failure to include Plaintiff's fourth claim of relief, assault and battery, in Plaintiff's California Government Claim. Having considered all of the papers filed by the parties and oral argument, the Court **GRANTS** Defendants' motion for failure to exhaust administrative remedies for Plaintiff's third claim of relief under § 1983 for due process violations, and **DENIES** Defendants' remaining three motions.

# DISCUSSION

Defendants bring their motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), which provides:

> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Defendants brought their motions during Plaintiff's presentation of his case. Plaintiff opposes the motions and has now rested. The Court has heard oral argument on the motions. Therefore, the Court may properly rule on Defendants' motions.

## I. EXHAUSTION MOTIONS

Defendants move for judgment as a matter of law arguing that Plaintiff failed to exhaust his administrative remedies for his 1) § 1983 claim for excessive force against Defendant prison officials; 2) § 1983 claim for medical treatment against doctor Defendant Allen; and 3) § 1983 claim for due process violations against Defendant prison officials and supervisors.

### A. Legal Standards

Under the Prison Litigation Reform Act ("PLRA"), prisoners are required to exhaust prison administrative procedures before filing a § 1983 claim challenging prison conditions. 42 U.S.C. § 1997e(a) (1996). The exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of the prisoner's sentence. *See Porter v. Nussle*, 534 U.S. 516, 524-32 (2002); *see also Roles v. Maddox*, 439 F.3d 1016, 1018 (9th Cir. 2006). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now

2

mandatory. *Porter*, 534 U.S. at 524. Even when the inmate seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). An inmate's compliance with the PLRA exhaustion requirement as to some, but not all claims does not warrant dismissal of the entire action. *Jones v. Bock*, 549 U.S. 199, 219-24 (2007); *Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005).

An inmate must comply with prison grievance procedures to "properly exhaust" his administrative remedies under the PLRA. *Jones*, 549 U.S. at 217-18. "The level of detail necessary in a [prison] grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218 (where inmates failed to identify all defendants in their grievances, concluding that the Sixth Circuit erred by imposing a "name all defendants" requirement, which is <u>not</u> required by the PLRA).

The State of California provides its inmates with the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." 15 Cal. Code Regs. § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. 15 Cal. Code Regs. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). *Id.* § 3084.5; *Brodheim v. Cry*, 584 F.3d 1262, 1264-65 (9th Cir. 2009). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). *Barry v. Ratelle*, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997). An inmate need not proceed further and also exhaust state judicial remedies. *See Jenkins v. Morton*, 148 F.3d 257, 259-60 (3d Cir. 1998). Nor is an inmate required to comply with the California Tort Claims Act and present his claims to the State Board of Control in order to fulfill the exhaustion requirement. *Rumbles v. Hill*, 182 F.3d 1064, 1070 (9th Cir. 1999), overruled on other grounds by *Booth v. Churner*, 532 U.S. 731 (2001).

An inmate must complete the administrative review process in accordance with the

3

applicable procedural rules, including deadlines, before bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). In California state prisons, the deadline for filing an administrative grievance is 15 working days from the date the administrative decision or action being complained of is taken. *See* 15 Cal. Code Regs. § 3084.6©. California prison regulations, however, explicitly create an exception to the timely filing requirement if the inmate does not have the opportunity to file his grievance during the 15-day filing period. *Marella v. Terhune*, 562 F.3d 983, 985 (9th Cir. 2009) (remanding for district court to consider whether the plaintiff had the opportunity to file a grievance within 15 days after the assault where his injuries and subsequent segregation rendered the grievance form inaccessible), *amended*, 568 F.3d 1024, 1027 (9th Cir. 2009).

The failure to exhaust administrative remedies is an affirmative defense that defendants must raise and prove. *See Jones*, 549 U.S. at 212-17 (explaining that inmates are not required to plead specifically or demonstrate exhaustion in their complaints); *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

## A. Section 1983 Claims for Excessive Force and Medical Treatment -- First and Second Causes of Action

Plaintiff asserts his § 1983 claim for excessive force against Defendants Wadsworth, Gelinas, Navarro, Moore, Bachman, Allman, Freeman, and Osborne. Defendants Navarro, Moore, Bachman, Allman, Freeman, and Osborne move for judgment as a matter of law arguing that Plaintiff failed to exhaust his administrative remedies for his § 1983 claim for excessive force against these Defendants.[1] Plaintiff asserts his § 1983 claim for inadequate medical treatment against Defendant Dr. Allen. In a separate motion, Defendant Allen moves for judgment as a matter of law arguing that Plaintiff failed to exhaust his administrative remedies for this § 1983 claim.

Plaintiff exhausted his administrative remedies for both § 1983 claims. Plaintiff filed his hand written 602 inmate appeal form on January 10, 2004, which Defendants do not and cannot dispute. *See* Pl.'s Trial Ex. 51. The underlying incident and allegedly inadequate medical treatment occurred on December 21, 2003, at the Pelican Bay State Prison. Plaintiff's 602 was therefore

---

[1] Defendants Wadsworth and Gelinas do not move for judgment as a matter of law.

4

timely filed.[2] Plaintiff also properly proceeded through the required levels of appeal, resulting in a final decision from the Director's level denying his appeal that stated "This decision exhausts the administrative remedy available to the appellant within CDC." Pl.'s Trial Ex. 53; *see also* Pl.'s Trial Ex.51 & 53.

Defendants do not challenge either of these grounds, but instead challenge the level of detail in Plaintiff's 602 appeal. CDCR's requirements regarding the level of detail necessary in a prison grievance determine whether a California inmate properly exhausted his administrative remedies. *See Jones*, 549 U.S. at 217-18. Regarding Plaintiff's excessive force claim, Defendants primarily contend that Plaintiff's failure to name all eight Defendants against whom Plaintiff's § 1983 excessive force claim is brought constitutes a failure to exhaust Plaintiff's administrative remedies. Defendants also appear to argue that Plaintiff's 602 did not refer to Defendants' alleged misconduct. Regarding Plaintiff's medical treatment claim, Defendants argue that the 602 fails to identify Defendant Allen or describe the medical treatment received from Defendant Allen. All of Defendants' arguments fail. The Court rejects Defendants' attempt to impose heightened or additional requirements for the inmate appeal form; on the 602 appeal form, the inmate does not need to satisfy requirements for pleading a cause of action in a legal complaint. *See Jones*, 549 U.S. at 219 (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation.")).

First, CDCR does not require the inmate to individually identify every defendant in the inmate's 602 form. *See* 15 Cal. Code Regs. § 3084.2. CDCR only requires the inmate to "describe the problem and action requested." *Id*. If anything, CDCR's regulations encourage an inmate's description within his 602 to be concise. *Id*. at § 3084.2(a)(1) (limiting inmate's 602 description to "one continuation page, front and back"). And as the Supreme Court held in *Jones*, the PLRA does

---

[2] The Court also notes that Defendants do not challenge Plaintiff's 602 as untimely and that the prison did not reject Plaintiff's 602 as untimely. The testimony in the record also indicates that Plaintiff was hospitalized after the December 21, 2003 incident and returned to the prison around December 24, 2003.

5

not require inmates to a "name all defendants." *Jones*, 549 U.S. at 218 (concluding that the Sixth Circuit erred by imposing a "name all defendants" requirement, which is <u>not</u> required by the PLRA). Plaintiff only identifies Defendant Gelinas by name, but his description clearly refers to the involvement of other prison officials. *See* Pl.'s Trial Ex.51. In his 602 form, Plaintiff refers to the "Pelican Bay State Prison (P.B.S.P.) correctional staff," "C/Os responsible,"[3] "correctional staff," and prison doctors. *Id*. Plaintiff also refers to being beaten by an officer's baton on his back and head. *Id*. As Defendants concede, Defendant McGrath, former Warden of Pelican Bay State Prison at the time of the December 2003 incident occurred, also testified that inmates often do not know the names of prison officials and that inmates are not required to individually identify every prison official in their 602 forms.

Second, in many ways, Plaintiff's level of detail in his 602 was more detailed than required or expected of an inmate to satisfy exhaustion. He expressly used legal language referring to the "Eighth Amendment," "excessive force," and "deliberate indifference," even citing to various Supreme Court cases. *See* Pl.'s Trial Ex.51. Plaintiff also described his resulting physical injuries as the loss of his right eye, staples in his head, stitches to his eye area, a broken cheek bone, and injuries from being beaten by a baton on his back and head. Pl.'s Trial Ex.51. During testimony at trial, Defendants themselves testified that Plaintiff's 602 sufficiently described Plaintiff's claims related to the December 21, 2003 incident. For example, Defendant McGrath testified that an inmate need not specify each and every issue in his 602, noting that many inmates do not have a high level of education. He also testified that an inmate's reference to "excessive force" in a 602 form invoked the prison's use of force policy, which requires intervention by other prison officials who observe excessive or unnecessary force. *See* Pl.'s Ex. 36 & Ex. 36 at CDCR00114. Defendant McGrath also testified that Plaintiff sufficiently described his excessive force claim without identifying each Defendant by name or specifying each act challenged where Plaintiff provided the date of the incident, the place, and the primary use of force or injury.

Third, Plaintiff described the "action requested" in his 602 as required by prison regulation. 15 Cal. Code Regs. § 3084.2. He requested being seen by a psychologist to adjust to having one

---

[3] The Court notes that "C/Os" refers to correctional officers.

eye, that "C/Os responsible [be] investigated and punished"; and an artificial eye at CDCR's "expense, etc." This adequately puts the prison on notice that Plaintiff requested investigation, punishment of the responsible prison officials, medical treatment, and money damages.

Fourth, Plaintiff's description of his physical injuries and his references to medical treatment and prison doctors are sufficient to put the prison on notice of Plaintiff's challenge to the adequacy of his medical treatment. In addition, Plaintiff also refers to the "Eighth Amendment" and "deliberate indifference" in his 602 form, which is more than sufficient notice of an Eighth Amendment claim challenging medical treatment. The Court also emphasizes that Plaintiff is an inmate who is not a lawyer and who completed the 602 form without the assistance of an attorney.

Therefore, Plaintiff's description in his 602 was sufficiently detailed to meet CDCR's requirement under § 3084.2 and as a result, the requirements for proper exhaustion. The Court denies Defendants' motions for judgment as a matter of law as to Plaintiff's § 1983 claims for excessive force and inadequate medical treatment.

**B.      Section 1983 Claims for Due Process Violations -- Third Cause of Action**

Plaintiff asserts his § 1983 claim for due process violations against Defendants Wadsworth, Gelinas, Navarro, Moore, Bachman, Allman, Freeman, Osborne, Wheeler, Nelson, McKinney, Castellaw, Polk, McGrath, and Woodford. Defendants contend that Plaintiff failed to exhaust his administrative remedies regarding his due process claims where Plaintiff failed to file a 602 appeal form and proceed through the required levels of prison appeal. Plaintiff argues that any failure to exhaust should be excused because Plaintiff attempted to exhaust his administrative remedies. After his disciplinary hearing before Defendant McKinney on January 29, 2004, Plaintiff testified that he mailed a second 602 appeal form directly to Defendant McKinney describing due process violations, but Plaintiff did not receive a response from the prison and subsequently made a request for information, which also went unanswered. At the close of Plaintiff's case, the evidence regarding Plaintiff's second 602 appeal for due process violations consists of: 1) Plaintiff's testimony that he mailed a second 602 appeal challenging Defendant McKinney's handling of Plaintiff's disciplinary hearing, he did not receive a response to his second 602, and that he made a request for information to which he did not receive a response; 2) testimony by various Defendants that they were not aware

of Plaintiff's second 602 and that it was never received; 3) Defendant Wadsworth's testimony regarding the disappearance of his alleged rules violation report (form 115) for Plaintiff relating to the alleged alcohol (also called "pruno") found in Wadsworth's search of Plaintiff's cell earlier in the day on December 21, 2003; and 4) Defendant McGrath's testimony that the prison regularly processes a high quantity of 602 forms, approximately 1,500 to 2,000 per quarter, and that once an inmate signs and submits his 602, the inmate does not retain a copy of the 602 form. Defendants also argue that even if Plaintiff did submit a second 602 form and this form was in some way lost, Plaintiff could have filed a third 602 form or taken other measures to address the missing second 602 form.

The parties do not dispute that there is no documentary record of Plaintiff's alleged second 602, including the 602 form itself, any responses by the prison at the various levels of appeal, or Plaintiff's mailing or submission of the second 602 form. What is disputed is whether Plaintiff ever actually did submit, or attempt to submit, a second 602 form addressing due process violations. Allowing the Court or jury to make this factual determination does not resolve the issue of whether Plaintiff exhausted his administrative remedies regarding his due process claim. Even if the fact finder found that Plaintiff did submit or attempt to submit a second 602 form addressing his due process violations, there is no evidence to <u>excuse</u> his compliance. Plaintiff testified that he filled out a second 602 form regarding due process violations, addressed it to Defendant McKinney, put his second 602 form in the prison mail, and that he does not know what happened to his second 602 form after he mailed it. Plaintiff did not testify or present any other evidence that Defendant prison officials prevented Plaintiff from filing his second 602; interfered with the delivery, receipt, or processing of the second 602 in some way; or provided misleading or inaccurate information regarding the inmate appeal process to Plaintiff.

The record is not sufficient to excuse exhaustion where Plaintiff "hasn't shown that administrative procedures were unavailable, that prison officials obstructed his attempt to exhaust or that he was prevented from exhausting because procedures for processing grievances weren't followed.'" *Nunez v. Duncan*, --- F.3d ----, 2010 WL 60089, *6 (9th Cir. 2010) (exhaustion excused where the inmate filed his first two prison appeals, but filed his third appeal late based on the

Warden's innocent mistake in misdirecting the inmate) (quoting *Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir.2008)). Plaintiff's cases in support of excusing compliance are distinguishable because they involve affirmative misconduct or obstruction by prison officials. Here, there is no evidence of Defendants' affirmative misconduct or obstruction relating to Plaintiff's second 602 form.

The Court recognizes that Plaintiff's theory is that Defendant prison officials covered up the excessive force, falsified their reports, and that several Defendants testified falsely or inconsistently to continue the cover up. The Court also recognizes and is troubled by the implications of a prison appeals system where the inmate is not provided with a receipt or some kind of documentation when submitting a 602 form, or a copy of the 602 form once the inmate submits his 602 form and before it is processed by prison officials, as Plaintiff's counsel raised. Based on the record before it, the Court cannot, however, excuse Plaintiff's failure to exhaust his administrative remedies relating to his due process claims. The Court therefore grants Defendants Wadsworth, Gelinas, Navarro, Moore, Bachman, Allman, Freeman, Osborne, Wheeler, Nelson, McKinney, Castellaw, Polk, McGrath, and Woodford judgment as a matter of law on Plaintiff's § 1983 due process claim because Plaintiff has failed to exhaust his administrative remedies and such failure is not excused. Because Plaintiff's § 1983 due process claim is the only claim against Defendants Wheeler, Nelson, McKinney, Castellaw, Polk, McGrath, and Woodford, the Court grants judgment as a matter of law as to these Defendants only.

The Court notes that Defendants appear to have had their exhaustion arguments at least as early as July 2008 when Defendants filed their Answer, which included an affirmative defense based on exhaustion, to the original complaint (Doc. No. 122). Defendants, not Plaintiff, carry the burden on proving the failure to exhaust administrative remedies. *See Jones*, 549 U.S. at 212-17; *Brown*, 422 F.3d at 936-37. In addition, Defendant prison officials had the relevant prison documents in their possession at all times. Had Defendants brought their motions before trial, especially given that exhaustion motions are usually brought at the motion to dismiss and summary judgment stage, substantial effort, time, and expense of the parties, counsel, witnesses, jurors, and the Court would have been saved. Instead, Defendants belatedly brought these motions during trial.

9

## II. ASSAULT AND BATTERY CLAIM

### Fourth Cause of Action

Plaintiff asserts a state law assault and battery claim against Defendants Wadsworth, Gelinas, Navarro, Moore, Bachman, Allman, Freeman, and Osborne. Defendants Moore, Bachman, Allman, Freeman, and Osborne[4] move for judgment as a matter of law on this claim arguing that Plaintiff's state Government Claim did not meet the requirements of Cal. Gov't Code § 945.4 because the claim form does not specifically name them or describe their alleged misconduct. *See* Defs.' Trial Ex. W. Section 945.4 provides:

> Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division.

Plaintiff's government tort claim satisfies the requirements of § 945.4. Plaintiff filed his government tort claim on June 18, 2004, attaching a narrative statement, medical records, and *Hudson v. McMillian*, 503 U.S. 1 (1992). Defs.' Trial Ex. W. The government tort claim should include the names of the government employees, "if known." Cal. Gov't Code § 910(e). Plaintiff's government tort claim identifies Defendants Wadsworth, Gelinas, and Navarro by name, but does not identify Defendants Moore, Bachman, Allman, Freeman, and Osborne by name. Defs.' Trial Ex. W. The claim does expressly state, however, that the "claimant is unaware of their exact names" regarding other prison staff involved. *Id.* at attached Ex. A. In addition, Plaintiff's government tort claim also refers to the fact that Wadsworth's assault on Plaintiff occurred in "plain view," the "prison staff" was involved in a cover up of the excessive force, that "responding staff" was present, that there were staff witnesses to the assault on Plaintiff, that the absence of video cameras in the prison dining

---

[4] Defendants Wadsworth, Gelinas, and Navarro do not move for judgment as a matter of law.

10

hall make it difficult for inmates to prove "staff improprieties," and includes various medical records relating to Plaintiff's injuries. *See id.* at attached Exs. A & B.

Defendants claim that Plaintiff was aware of the involvement by these Defendants at the time Plaintiff filed his government tort claim in June 2004. Defendants rely solely on their trial exhibit EE, Rules Violation Report, Log No. B03-12-0103, for this purpose. Defendants appear to argue that this Report alerted Plaintiff to the identity and involvement of these other Defendants. Plaintiff testified, however, that he did not receive all correctional officer reports, but only Defendant Wadsworth's report. In addition, the Rules Violation Report merely includes a written statement by Defendant McKinney that Plaintiff "received his copies of all documents more than 24 hours in advance of the hearing." Defs.' Trial Ex. EE. The Rules Violation Report does not describe or list the documents Plaintiff allegedly received, or attach those documents to the Report. *See* Defs.' Trial Ex. EE. Defendants' argument fails.

The Court therefore denies Defendants' motion for judgment as a matter of law because Plaintiff's government tort claim satisfies the requirements of Cal. Gov't Code § 900, et seq.

### III. CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' motion for judgment as a matter of law for failure to exhaust administrative remedies for Plaintiff's third claim of relief under § 1983 for due process violations, and **DENIES** Defendants' remaining three motions for judgment as a matter of law.

**IT IS SO ORDERED.**

Dated: January 26, 2010

NANDOR J. VADAS
United States Magistrate Judge

11